## THE STATE v. GUEST.

1. The Judge of the county court is not authorised to award a *habeas corpus* to
   bring before him the body of a prisoner committed for a felony; but if he does
   so, and remands the prisoner, because he is unable to give bail, the imprison-
   ment may be referred to the original warrant for his detention, and he will be
   considered legally in custody.

On a point referred, from the Circuit Court of St. Clair.

The defendant was indicted under the 16th section of the fifth
chapter of the Penal Code, for having conveyed into the jail of
St. Clair, a disguise, useful to aid Wade Hampton, who was con-
fined therein, upon a charge of felony, to effect his escape, and
with the intent thereby, to facilitate the same.  The cause was
submitted to a jury on a traverse by the defendant, a verdict of
guilty was returned, and the defendant sentenced to two years
imprisonment in the penitentiary.  On the trial, the defendant
excepted to the ruling of the court, and the questions of law thus
raised, are duly referred for our decision.  The bill of exceptions
is substantially as follows; it was shown that Wade Hampton was
lawfully committed to the jail of St. Clair county, for a felony,
on the 25th of December, 1843; on the 3d of January, 1844, the
Judge of the county court of St. Clair, caused Hampton to be
brought before him on *habeas corpus*, ordered that he be admit-

ted to bail, and upon the failure to execute a recognizance, he be remanded to prison. Hampton did not give bail, and was remanded to jail under the order of the Judge of the county court; the sheriff still retaining the original *mittimus.* The defendant prayed the court to charge the jury, that if they believed the facts stated, then Hampton was not legally detained in custody after his recommitment by the Judge of the county court; this charge was refused, because the action upon the *habeas corpus*, was irregular, and the original commitment still continued in force.

S. F. Rice, for the prisoner—insisted that the point raised in the circuit court, was improperly ruled, and cited Clay's Dig. 462, § 3–4.

Attorney General, for the State—contended that the proceedings before the judge of the county court, were *coram non judice*, and could have no effect for any purpose.

COLLIER, C. J.—The third section of the twelfth chapter of the Penal Code, authorises the judge of the county court to issue a writ of *habeas corpus*, to cause to be brought before him, any person "confined in the county jail, on any cause whatever, other than a commitment for, or a conviction of felony, or by the sentence or decree of the circuit court, or court of chancery, &c;" and if the prisoner's detention is illegal, "he shall be discharged; if otherwise, he shall be committed by warrant to the proper custody, or admitted to bail, as may be in accordance with law."— Clay's Dig. 462.] The eighth section of the eighth chapter of the Penal Code, enacts that "the term *felony*, when used in any statute, shall be construed to mean an offence, for which the offender on conviction, shall be liable by law, to be punished by death, or for which, imprisonment in the penitentiary is made the appropriate punishment." [Clay's Dig. 439.] The offence for which the defendant was indicted, is punishable with "imprisonment in the penitentiary, not less than two, and not exceeding ten years." [Clay's Dig, 429.]

Taking these several enactments together, and it is perfectly clear, that the proceedings of the county judge upon the *habeas corpus* were *coram non judice*, and he had no authority to discharge Hampton from confinement. But, it by no means follows,

that, because that writ was improperly issued, the subsequent commitment was illegal, or the further detention unauthorised. Whether the judge was authorised to remand the prisoner, is a question which need not be considered; for it is clear, when he was again imprisoned, his confinement related back to the original warrant for his detention. This being regular, his imprisonment was legal, and the defendant in the case at bar, can claim no advantage from the unauthorised interference of the judge of the county court. The judgment of the circuit court, so far as referred to us for revision, is consequently affirmed.